**William J. FENSTERMAKER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21135.**

United States Court of Appeals
Ninth Circuit.

April 2, 1968.

Charles William Johnson, Las Vegas, Nev., for appellant.

Robert S. Linnell, Asst. U. S. Atty., Joseph L. Ward, U. S. Atty., Las Vegas, Nev., for appellee.

Before MADDEN, Judge of the Court of Claims, and MERRILL, and CARTER, Circuit Judges.

MERRILL, Circuit Judge:

Appellant, serving a five-year sentence upon conviction of the crime of fraudulent possession of counterfeit notes, 18 U.S.C. § 472, moved in the District Court for the District of Nevada for an order setting aside his sentence pursuant to 28 U.S.C. § 2255. Counsel was appointed to represent him and an evidentiary hear-ing was had following which findings of fact were made by the District Court and an order entered denying relief. This appeal followed. Three points are here asserted:

1. Appellant contends that his plea of guilty was not voluntary, since it was induced by "a totality of circumstances which led him to believe that a reduced sentence would be received" and thus was founded on misunderstanding.

From the record it appears that no assurances were given appellant as to the nature of the sentence he might receive; that he was told by his counsel that there was no way of predicting the length of sentence since the probation report, yet to be secured, would be taken into consideration; that the most counsel could say was that the sentence upon a guilty plea often was more lenient than that upon a plea of not guilty.

Appellant testified that his attorney, upon receiving assurance from Government counsel, advised that his sentence would not exceed two years. This testimony was disputed and the court clearly disbelieved appellant.

Upon accepting the plea the District Court informed appellant of the penalty provided by law and obtained his assurance that no threat, promise, reward or immunity had been made or offered, and that no Government employee had indicated that leniency might follow a guilty plea.

We find no merit in this contention.

2. Appellant contends that he was not adequately represented by counsel upon his plea of guilty, since trial counsel could have successfully moved to suppress counterfeit notes seized in the course of a search upon the ground that the search was not incident to a lawful arrest.

This ground was and is vigorously disputed by Government counsel, who contend not only that there was probable cause for the arrest and search incident thereto but also that the search was consented to. The outcome of a motion to

suppress, at the least, was far from clear and counsel's failure to reach appellant's present conclusion can hardly reflect upon the sufficiency of his representation.

3. Finally, appellant attacks as unconstitutional the seizure of evidence described above. He is clearly foreclosed from raising this issue on collateral attack. The conviction and sentence which follow a guilty plea are based solely upon the plea and not upon evidence previously acquired by the prosecuting authorities. The evidence objected to by appellant was not used against him because his plea of guilty dispensed with proof of the crime. See, e. g., Norris v. Wilson, 378 F.2d 324 (9th Cir. 1967); Harris v. United States, 338 F.2d 75 (9th Cir. 1964). Appellant does not allege that the existence of this evidence induced his guilty plea or rendered it involuntary.

Judgment affirmed.