**UNITED STATES of America,**
**Appellee,**

v.

**Thomas Byron CLARK, Appellant.**

**No. 71–1561.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 17, 1972.

Decided May 3, 1972.

Rehearing and Rehearing Denied
June 2, 1972.

Ronald M. Sokol, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

Thomas H. Stahl, Asst. U. S. Atty., Kansas City, Mo., Bert C. Hurn, U. S. Atty., for appellee.

Before GIBSON, HEANEY and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

In this case, we are asked to permit a defendant who entered a plea of nolo contendere in the District Court to assert, on appeal, that his motion to suppress evidence should have been granted. In order to do so, we would have to reject the rule that a plea of nolo contendere, like a plea of guilty, waives all non-jurisdictional defects, including allegedly illegal searches and seizures. See, United States ex rel. Rogers v. Warden of Attica State Prison, 381 F.2d 209 (2nd Cir. 1967); Hughes v. United States, 371 F.2d 694 (8th Cir. 1967); Bell v. C. I. R., 320 F.2d 953 (8th Cir. 1963); Annot., 20 A.L.R.3d 724 (1968); C. Wright, Federal Practice and Procedure: Criminal, § 175 at 380, n. 89. Compare, Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968); United States v. Gonzalez-Parra, 438 F.2d 694 (5th Cir.), cert. denied, 402 U.S. 1010, 91 S.Ct. 2196, 29 L.Ed.2d 433 (1971).

At the time the defendant entered his plea, the trial court had denied his motion to suppress. The defendant knew the general rule, but informed the District Court that the rule is archaic and should be changed. He stated his intention to appeal and challenge the validity of the rule that a plea of guilty or nolo contendere waives nonjurisdictional defenses.

There is support for a change from various quarters. New York has adopted a statute which provides in part:

"* * * the order denying such may be reviewed on appeal from a judgment of conviction notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty."

New York Code of Criminal Procedure, § 813-c.

Judge Irving Kaufman, in commenting on this statute, said in United States ex rel. Rogers v. Warden of Attica State Prison, *supra* 381 F.2d at 214:

"New York has thus provided a specific statutory exception to the general rule that a plea of guilty bars a defendant from raising on appeal alleged non-jurisdictional defects. And, we are quite easily able to discern legitimate and powerfully compelling reasons for establishing such an exception. In the greater number of cases, the present one being illustrative, a defendant in a criminal case recognizes that unless he succeeds in suppressing the evidence seized, the state will have little difficulty in proving the charges filed against him. A defendant may well have no desire to go to trial once his pre-trial suppression motion has been denied, and thereafter may lose heart for any defense to the charges. If, however, the defendant is confronted with state law which decrees that a plea of guilty bars him from appealing the denial of his motion, then he will be presented with a *fait accompli* and be forced to proceed

to trial just so that he can preserve his right to appeal. Section 813-c is an enlightened statute and was designed to alleviate this undesirable and archaic end which can only result in cluttering trial calendars. The guilty plea in such circumstances is merely a procedural step which permits review of the defendant's constitutional claims without the necessity of a trial that would be a waste of time, money and manpower."

California has a similar, but less sweeping, statute. Calif.Penal Code § 1237.5 (Supp.1967).

The American Bar Association Project on Minimum Standards for Criminal Justice has recommended that a defendant should have the right to seek review of any final judgment adverse to him, including a conviction based upon a plea of guilty or nolo contendere. ABA Standards, Criminal Appeals (Approved Draft, 1970), § 1.3(a) (iii). In commenting on its recommendation, the committee stated:

> "Moreover, there is great value in modifying the traditional view that a plea of guilty waives all non-jurisdictional defects which could be raised by pre-trial defensive motion. Thus, it is usually held that a defendant cannot, after a guilty plea, challenge on appeal illegality in search and seizure of tangible evidence. * * * New York has modified that doctrine by statute to permit survival of challenges to the legality of a search and seizure notwithstanding a guilty plea. N.Y. Code Crim.Proc. § 813(c). By so doing, New York avoids the unfortunate situation where the only reason a defendant goes to trial is to save the right to appeal denial of a pretrial motion to suppress evidence. Where, under defense strategy, the only litigable questions arise before trial, it is wasteful to force a sham trial in order not to have a forfeiture of appellate review. The New York provision is

sound, but should be enlarged to include other pretrial defenses." (Citations omitted.)

ABA Standards, Criminal Appeals, *supra* at 32.

And, finally, Professor Charles Allen Wright has suggested that a procedure similar to that in New York should be adopted either by statute or by amendment of the Federal Rules of Criminal Procedure. C. Wright, *supra*, § 175.

We do not believe that a single panel of this Court should adopt a rule different from that currently in effect in all federal courts. But we do feel that the procedure in effect in the State of New York is salutary and should be adopted for the federal court system. In our view, however, adoption is best accomplished either by Supreme Court decision, or by rule or statute as suggested by Professor Wright, *supra*.

The decision of the trial court is affirmed.