UNITED STATES of America, Appellee,

v.

**Jerry J. JOHNSON, Appellant.**

No. 80–1482.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1980.

Decided Nov. 4, 1980.

Robert L. Sikma, Sikma & Gilbert, Sioux City, Iowa, for appellant.

Asher Schroeder, Asst. U. S. Atty., Sioux City, Iowa, James H. Reynolds, U. S. Atty., Judith A. Whetstine, Asst. U. S. Atty., Cedar Rapids, Iowa, for appellee.

Before ROSS and HENLEY, Circuit Judges, and RENNER, District Judge.*

PER CURIAM.

Jerry J. Johnson appeals from his conviction for conspiracy to dispense, distribute, and possess with the intent to distribute and dispense a controlled substance in violation of 21 U.S.C. § 841(a)(1).

Johnson was indicted on February 6, 1980, on five counts of manufacturing, possession with intent to distribute, and conspiracy to distribute amphetamines in violation of 21 U.S.C. §§ 841, 844 and 846, and 18 U.S.C. § 2. On February 22, 1980, Johnson filed a motion to suppress evidence obtained during the execution of a search warrant. In his motion, Johnson alleged that the affidavit in support of the search warrant was invalid in that it failed to establish probable cause.

On March 7, 1980, a hearing was held, and on March 11, 1980, the district court[1] denied Johnson's motion to suppress evidence. On March 18, 1980, Johnson entered a plea of guilty to one count of conspiracy to distribute one gram of a controlled substance in violation of 21 U.S.C. § 841(a)(1).[2]

Notwithstanding his plea of guilty, Johnson asks this court to review the legality of the warrant. However, this court follows the majority rule that "a plea of guilty, waives all nonjurisdictional defects, including allegedly illegal searches and seizures." *United States v. Clark,* 459 F.2d 977, 978 (8th Cir.), *cert. denied,* 409 U.S. 880, 93 S.Ct. 209, 34 L.Ed.2d 135 (1972).

This principle was adopted in *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973), because

a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. * * * A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charges, * * *.

Johnson urges that we now consider changing the rule, arguing that the current rule forces a defendant to make a Hobson's choice: either to place himself in jeopardy or to subject himself to a costly, time–consuming criminal prosecution and appeal merely to obtain the right to review an allegedly wrongful denial of a motion to suppress evidence purportedly obtained through an illegal search. This court rejected a similar argument in *United States v. Clark, supra,* 459 F.2d at 979, and indicated that if the rule is to be changed it would have to be accomplished by statute or by a change in Supreme Court precedent.

In view of our conclusion that a plea of guilty waives nonjurisdictional defects in the criminal process leading to conviction, we need not consider Johnson's allegations regarding the search warrant. Accordingly, we decline Johnson's invitation to review the district court's denial of the defendant's motion to suppress evidence.

The judgment of conviction is affirmed.

---

* The Honorable ROBERT G. RENNER, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Donald E. O'Brien, United States District Judge for the Southern District of Iowa.

2. The defendant was sentenced to 30 months imprisonment, to be followed by a special period of parole of 2 years.