Edward A. GIOIOSA, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 79–1262–MC.

United States District Court, D. Massachusetts.

Nov. 20, 1981.

Karnig Boyajian, Boston, Mass., for petitioner.

Asst. U.S. Atty. Marianne B. Bowler, Boston, Mass., for the U.S.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

At the hearing on petitioner's objections to the report and recommendation of the Magistrate, a "bench memorandum", summarizing the arguments of both parties as disclosed in the materials, briefs, and pleadings, was read into the record without objection or correction by either party. That memorandum, now contained in the notes of the court reporter, reads as follows:

Petitioner objects to the report of the Magistrate which recommends that petitioner's motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, be denied. Petitioner had moved to vacate his sentence on three grounds: (1) the guilty plea which he made was not made voluntarily nor with an understanding of the charge against him, (2) the conviction was obtained by the use of illegally obtained evidence, and (3) he did not have the effective assistance of counsel.

### INVOLUNTARINESS OF THE PLEA

After an evidentiary hearing at which the petitioner, his former counsel, and an Assistant United States Attorney testified, Magistrate Cohen found that on several occasions the petitioner had advised his former counsel, a Mr. Cosgrove, that he did not want to plead guilty. The Magistrate also found, however, that petitioner changed his mind on the day of trial after looking at the "insurmountable odds" against him. The petitioner was informed by Chief Judge Caffrey of the charges against him and acknowledged that he understood them and that he did knowingly possess valium with the intent to distribute it.

Petitioner claims that the Magistrate overlooked evidence of his state of mind on the morning of the change of plea. He says he was shocked, bewildered, and very disturbed by the turn of events. He contends that he answered the questions of the court as he did because his counsel informed him not to "make waves" or the plea would not be accepted. Additionally, petitioner says that his father told him that there were financial considerations to be kept in mind. Finally, he contends that he believed that the recommendation of the United States Attorney was going to be six months, and in fact was for eighteen months.

### FOURTH AMENDMENT ISSUES

Magistrate Cohen found that the claims of illegal search and seizure did not warrant habeas corpus relief without a showing that the existence of such illegally obtained evidence induced a plea of guilty or made the plea involuntary. The Magistrate found that the Assistant United States Attorney had stipulated that the gun seized from the petitioner would not be placed in evidence; he also found that the petitioner had no standing to challenge the legality of the search of a co-defendant's vehicle, which search did produce incriminating evidence.

Petitioner argues that where as here his claim of illegal search and seizure was never tested by a motion to suppress, nor heard at trial, nor tested by way of appeal, his allegation is properly before this court. He claims that the law in effect at the time of his arrest and plea gave him standing to challenge the legality of the search and seizure.

### DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

Magistrate Cohen found that: (1) the fact that Mr. Cosgrove met with the petitioner for 15–30 minutes on each of a few occasions did not make counsel ineffective, (2) Cosgrove did explain the elements of the offense charged to the peti-

tioner, (3) the fact that Cosgrove suggested a guilty plea, in view of the strength of the government's case, did not warrant an inference of ineffective assistance of counsel, (4) the fact that Cosgrove did not file a motion to suppress, when such a motion clearly would have been frivolous, did not even intimate ineffective assistance of counsel, and (5) the filing of a late appeal by Cosgrove did not warrant a finding of ineffective assistance of counsel since the basis of the appeal (the recommended sentence of the Assistant United States Attorney) was groundless in that the petitioner received a sentence equal to that which the Assistant United States Attorney said, at the time of the change of plea, that he would recommend.

Petitioner disputes many of the factual bases for the Magistrate's findings and recommendation in this regard. Specifically, he argues that Cosgrove's investigation of the arrest and its attendant circumstances was incomplete and ineffectual, that Cosgrove's failure to file a motion to suppress was clearly erroneous and that such a motion could have been used to obtain discovery and *possible* impeachment evidence, and that the late filing of his appeal is clear indication of the ineffectiveness of his counsel.

In a supplement to his report and recommendations, the Magistrate recommended that the special parole term of one year imposed on the petitioner in addition to his one year sentence be vacated. Under *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980) a special parole term cannot be imposed on a conviction for conspiracy under the provisions of 21 U.S.C. § 846. Neither defense counsel nor the Assistant United States Attorney raised this issue.

With that memorandum serving as a preliminary statement and after due deliberation, I conclude that petitioner's motion to vacate must be denied.

■ The findings of the Magistrate must be accepted unless they are clearly erroneous and I find no such "clear error". The findings are, therefore, adopted.

■ The voluntariness of the plea is clear. After reading the transcripts of the hearings before the Magistrate and the excerpts from the plea proceeding, it is obvious that the petitioner knew what he was doing. Page 57 of the transcript of the October 18, 1979 proceeding before the Magistrate is illustrative that petitioner "definitely" understood the judge's questions. His representations that he was emotionally upset and unable to make a voluntary plea were not mentioned at the plea proceeding before Chief Judge Caffrey and are unacceptable.

■ Magistrate Cohen, who had the opportunity to observe the testimony of the petitioner and his former counsel, clearly did not believe the petitioner in many aspects of his testimony relating to the effectiveness of his counsel. I find that the representation provided by Mr. Cosgrove was "within the range of competence expected of attorneys in criminal cases". *United States v. Bosch*, 584 F.2d 1113 (1st Cir. 1978).

■ Finally, the Magistrate's finding that the petitioner lacked standing to challenge the search and seizure of evidence of a co-defendant's vehicle is correct. As cited by the Magistrate, *Fenstermaker v. United States*, 392 F.2d 554 (9th Cir. 1968) is guiding here. Once a plea of guilty has been accepted, petitioner cannot attack the constitutionality of the search and seizure. "The conviction and sentence which follow a guilty plea are based solely upon the plea and not upon evidence previously acquired by the prosecuting attorney." *Fenstermaker, supra*, at 556. *Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), cited by petitioner in support of his position on this issue is factually distinguishable from this case and therefore not applicable.

For the foregoing reasons, the recommendation of the United States Magistrate must be adopted and the petitioner's motion to vacate is hereby denied.