**Edward Albert GIOIOSA,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 82–1077.**

United States Court of Appeals,
First Circuit.

Argued May 6, 1982.
Decided July 9, 1982.

Karnig Boyajian, Boston, Mass., for petitioner-appellant.

Marianne B. Bowler, Asst. U. S. Atty., Boston, Mass., with whom William F. Weld, U. S. Atty., Boston, Mass., was on brief, for respondent-appellee.

Before PHILLIPS,* Senior Circuit Judge, BOWNES and BREYER, Circuit Judges.

BOWNES, Circuit Judge.

Edward Albert Gioiosa appeals the district court's denial, 525 F.Supp. 1241, of his motion pursuant to the federal habeas corpus statute, 28 U.S.C. § 2255, to vacate a conviction. Gioiosa's conviction was based on his plea of guilty made to a charge of knowingly and intentionally possessing with intent to distribute and distributing a quantity of a Schedule IV controlled substance in violation of 21 U.S.C. § 841(a)(1)[1] and 18 U.S.C. § 2.[2] Some of the facts of this case are set out in *United States v. One 1974 Porsche 911–S*, 682 F.2d 283, also decided today. In his motion to vacate, Gioiosa attacked his guilty plea on three grounds:

---

* Of the Sixth Circuit, sitting by designation.

1. 21 U.S.C. § 841(a)(1) provides as follows:

   (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]

2. 18 U.S.C. § 2 provides as follows:

   (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

   (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

an unconstitutional search and seizure of evidence from his codefendants, an involuntary plea, and ineffective assistance of counsel (these last two points are related). A federal magistrate first heard Gioiosa's motion, which gives rise to the central question in this appeal, the nature of the district court's review of a magistrate's report and recommendation.

The magistrate recommended denial of Gioiosa's motion. He rejected the fourth amendment claim because Gioiosa had made no showing that the search and seizure had induced or coerced his guilty plea, the only avenue of attack in a § 2255 motion, and because Gioiosa had no "standing" to object to the search and seizure. The magistrate also believed that Gioiosa's counsel's decisions and actions were reasonable, and, although his report does not deal directly with the voluntariness of the plea, he suggested that Gioiosa was not coerced into making it. The magistrate did recommend that that part of Gioiosa's sentence imposing a special parole term be vacated. The district court, proceeding on the basis that "[t]he findings of the Magistrate must be accepted unless they are clearly erroneous," adopted the magistrate's recommendation and denied the motion.

■ The district court, however, was required to make a de novo determination of Gioiosa's claims. The magistrate was empowered to hear this § 2255 motion under 28 U.S.C. § 636(b)(1)(B),[3] and under this section of the Magistrates Act, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* See *Garcia v. Cruz de Batista*, 642 F.2d 11, 13 n.2 (1st Cir. 1981) (dictum); *Orand v. United States*, 602 F.2d 207, 208–09 (9th Cir. 1979); *Cowan v. Keystone Employee Profit Sharing Fund*, 449 F.Supp. 235, 236 (D.Mass.), *aff'd*, 586 F.2d 888 (1st Cir. 1978); *cf. Coolidge v. Schooner California*, 637 F.2d 1321, 1325–27 (9th Cir.), *cert. denied*, 451 U.S. 1020, 101 S.Ct. 3011, 69 L.Ed.2d 392 (1981) (requiring de novo review of civil trial held before magistrate); *Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352, 355–56 (5th Cir. 1980) (same); *United States v. Marshall*, 609 F.2d 152, 155–56 (5th Cir. 1980) (district court must review transcript of suppression hearing before reversing magistrate); *Hill v. Jenkins*, 603 F.2d 1256, 1258–59 (7th Cir. 1979) (requiring de novo review of civil trial held before magistrate). This direction is repeated in Rule 8(b)(4) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code.[4] Gioiosa filed detailed objections to the magistrate's report and recommendation on his three claims, but the district court applied the "clearly erroneous" standard.[5] This was error.

■ The government suggests that we can nevertheless uphold the district court's order because "de novo determination" does not mean "de novo hearing" and the district court's review of the evidence and submis-

---

**3.** 28 U.S.C. § 636(b)(1)(B) provides as follows:

(b)(1) Notwithstanding any provision of law to the contrary—

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

**4.** Rule 8(b)(4) provides as follows:

A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**5.** The district court did not name the source of this standard, but our opinion in *DeCosta v. C. B. S.*, 520 F.2d 499, 508–09 (1st Cir. 1975), *cert. denied*, 423 U.S. 1073, 96 S.Ct. 856, 47 L.Ed.2d 83 (1976), could be interpreted to suggest that the "clearly erroneous" standard is appropriate. We point out that *DeCosta* was decided under an earlier version of the Magistrates Act which had no provision for de novo review and that the magistrate in *DeCosta* was acting under a provision different than that dealing with applications for postconviction relief. *Id.* at 503–08.

sions was careful enough to render its use of the "clearly erroneous" standard harmless. The government is correct on the first point, *United States v. Raddatz*, 447 U.S. 667, 674–76, 100 S.Ct. 2406, 2411–2412, 65 L.Ed.2d 424 (1980), but, even assuming that "clearly erroneous" review could sometimes be harmless, we cannot conclude that the district court mislabeled as not "clearly erroneous" what was actually a de novo determination. The district court stated that it found "no such 'clear error'" in the magistrate's report, but it gave no indication of going any further into the report. Given the brevity of the district court's review, we can only accept its words at face value, that it applied the "clearly erroneous" review standard.

Gioiosa's fourth amendment claim requires further discussion because it presents a potentially dispositive legal question. The issue is the first ground on which the magistrate rejected the claim, that a fourth amendment claim cannot be raised in a § 2255 motion unless the applicant can show that the alleged wrongful seizure induced his plea or made it involuntary. The issue is one solely of law because Gioiosa has never asserted any link between the alleged fourth amendment violation and his plea. The question, thus, is whether in a § 2255 motion after conviction on a guilty plea an applicant can attack a search and seizure that did not induce or coerce his plea.

■ We can reach this question despite the lack of a de novo determination in the district court because de novo determination refers only to matters involving disputed facts. The procedure for de novo determination that was added in 1976 to the Magistrates Act was based on the decision of the Ninth Circuit Court of Appeals in *Campbell v. United States District Court for the Northern District of California*, 501 F.2d 196 (9th Cir.), *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974). H.Rep.No.1609, 94th Cong., 2d Sess. 3–4, *reprinted in* 1976 U.S.Code Cong. & Ad. News 6163. In *Campbell*, the Ninth Circuit required the district court, in reviewing a

magistrate's recommendation, to "make a *de novo* determination of the facts and the legal conclusions to be drawn therefrom." *Campbell v. United States District Court*, 501 F.2d at 206. "De novo determination" can apply only to fact-related matters; a court, at any level, can determine the state of the law. Moreover, issues of a "technical, legal" nature presented to a magistrate are "certainly . . . amenable to disposition [by the district court] by appellate type briefing and argument." *United States v. Southern Tanks, Inc.*, 619 F.2d 54, 56 (10th Cir. 1980). So, too, can they be decided by us if properly raised below.

■ Turning to the question posed, we learn first that *Fenstermaker v. United States*, 392 F.2d 554, 556 (9th Cir. 1968), the authority cited by the magistrate for rejection of Gioiosa's claim, held squarely that a § 2255 applicant who had pled guilty could not collaterally attack a seizure of evidence. *See also United States v. Johnson*, 634 F.2d 385, 386 (8th Cir. 1980) (per curiam); *Ortega-Velasquez v. United States*, 465 F.2d 419, 420 (5th Cir. 1972); *Mahler v. United States*, 333 F.2d 472, 474 (10th Cir. 1964), *cert. denied*, 379 U.S. 993, 85 S.Ct. 709, 13 L.Ed.2d 613 (1965). The Ninth Circuit also suggested that if the contested evidence coerced the plea or made it involuntary, it would be open to a fourth amendment attack. *Fenstermaker v. United States*, 392 F.2d at 556; *see Torres v. United States*, 370 F.Supp. 1348, 1350 (E.D.N.Y.1974). This rule is part of a broader principle that a guilty plea operates to waive all nonjurisdictional defects that might be attacked in a § 2255 motion, *e.g., United States v. Johnson*, 634 F.2d at 386; *United States v. Sepe*, 474 F.2d 784, 787–88 (5th Cir. 1973), quoting *United States v. Cox*, 464 F.2d 937, 940 (6th Cir. 1972); *Abram v. United States*, 398 F.2d 350, 350 (3d Cir. 1968) (per curiam), and parallels similar rules applicable to habeas corpus petitions for relief from state convictions based on guilty pleas, *see Tollett v. Henderson*, 411 U.S. 258, 267–68, 93 S.Ct. 1602, 1608–1609, 36 L.Ed.2d 235 (1973); *Stevenson v. Mathews*, 529 F.2d 61, 63 (7th Cir.) (per curiam), *cert. denied*, 426

U.S. 954, 96 S.Ct. 3181, 49 L.Ed.2d 1193 (1976); *Sanders v. Craven,* 488 F.2d 478, 479 (9th Cir. 1973). We believe that *Fenstermaker* and the related cases are sound law. Because conviction on a guilty plea is based solely on the plea, not on the evidence, there is no point in examining the evidence unless it coerced the plea or made it involuntary. There is no such allegation here.

■ Gioiosa contends that *Fenstermaker* has been superseded by *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), which enabled a § 2255 applicant to make a collateral fourth amendment attack on evidence and overturned lower court rulings restricting search and seizure claims to trials and direct appeals. A point in *Kaufman* that Gioiosa emphasizes was that there had not been a ruling on the evidence in the original trial and appeal. Similarly, Gioiosa argues, he has not had an opportunity to address the validity of evidence taken from his co-defendants. In *Kaufman,* however, there had been a trial at which the questionable evidence had been introduced; thus Kaufman's conviction may have been based on the challenged evidence. This is not so here; Gioiosa's conviction is based only on his plea. Gioiosa not having alleged that his plea was coerced or made involuntary by the search and seizure of the evidence, we hold that he is precluded from challenging the evidence in his § 2255 motion.

The rejection of Gioiosa's fourth amendment claim is affirmed. The order of the district court affirming the other recommendations of the magistrate is vacated and remanded for a "de novo determination."

*SO ORDERED.*