876 F.2d 895
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Betty M. ROBBINS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1794.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Betty M. Robbins ("Robbins") appeals from the district court's order granting summary judgment in favor of the Secretary. For the reasons set forth below, we AFFIRM.
 
 
 2
 Robbins filed an application for disability benefits on February 27, 1986. She alleged disability commencing July 1, 1985, due to Crohn's Disease, persistent hepatitis, severe hypertension, menopausal syndrome and hyperlipidemia. Robbins' application was denied initially and upon reconsideration by the Social Security Administration.
 
 
 3
 A hearing was held before an Administrative Law Judge ("ALJ"). On June 26, 1987, the ALJ again denied Robbins' application for disability benefits. The ALJ concluded that Robbins has the residual functional capacity to perform a limited range of sedentary work "which is similar to that which she performed in her past relevant work as a school secretary, but which is located in a clean air environment." The determination of the ALJ became the final decision of the Secretary when the Appeals Council denied review on September 8, 1987.
 
 
 4
 Robbins then filed suit in the United States District Court for the Eastern District of Michigan, seeking judicial review of the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g). After the case was referred to a magistrate, both parties filed motions for summary judgment. The magistrate found that substantial evidence supports the Secretary's decision that Robbins is not disabled and recommended that the Secretary's motion for summary judgment be granted. Robbins' objections to the magistrate's report and recommendation ("the magistrate's report") were not challenged. On July 5, 1988, the district court issued an order accepting the magistrate's report, and granting summary judgment in favor of the Secretary.
 
 
 5
 On appeal, Robbins raises the single contention that the district court erred by failing to make a de novo review of each argument she advanced in her objections to the magistrate's report. We find Robbins' assignment of error to be unpersuasive.
 
 
 6
 Our review of the Secretary's decision is limited to determining whether there is substantial evidence in the record to support the findings. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983) (citations omitted).
 
 
 7
 In Maziarz v. Secretary of Health and Human Services, 837 F.2d 240 (6th Cir.1987), a social security applicant argued that the district court erred by failing to detail its justifications for rejecting a magistrate's report in favor of the applicant. See id. at 243-44. Rejecting the applicant's argument, we re-examined the parameters of appellate review in cases arising under 42 U.S.C. Sec. 405(g):
 
 
 8
 [T]his court's function is limited to a determination of whether the Secretary's factual findings are supported by substantial evidence on the record as a whole. In light of the nature and scope of our review, we find that the district court's failure to set forth specific findings does not hinder our ability to review the merits of this case nor does it require a remand.
 
 
 9
 Id. at 244.
 
 
 10
 In the case at bar, as in Maziarz, this court retains the ability to review the final decision of the Secretary. Even though the district court's order did not contain an exhaustive discussion of Robbins' objections to the magistrate's report, Robbins' case has not been deprived of appellate review.
 
 
 11
 Contrary to Robbins' arguments, she was not entitled to have the district court conduct a de novo review of each of the points raised in her objections to the magistrate's report. The phrase "de novo determination" refers only to matters involving disputed facts. See Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (quoting Gioisa v. United States, 684 F.2d 176, 179 (1st Cir.1982)). However, cases such as Robbins', which arise under 42 U.S.C. Sec. 405(g) and are resolved on motions for summary judgment, do not, by definition, involve disputed facts. Fed.R.Civ.P. 56. Because Robbins' case only involved disputed issues of law, de novo review of the facts was not necessary.
 
 
 12
 Accordingly, we hold that substantial evidence exists to support the decision of the Secretary that Robbins retains the residual functional capacity to perform a limited range of sedentary work. The order of the district court is AFFIRMED.