**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Neeman Y. NAAMAN,**
**Defendant-Appellant.**

**No. 86–5180.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 1987.

Decided April 9, 1987.

Janet Hudson, Los Angeles, Cal., for plaintiff-appellee.

Carlton F. Gunn, Los Angeles, Cal., for defendant-appellant.

Before KENNEDY, SKOPIL and KOZINSKI, Circuit Judges.

KENNEDY, Circuit Judge:

Neeman Y. Naaman was convicted of making an "impression in the likeness of a nonimmigrant visa" in violation of 18 U.S.C. § 1546 (1982). The district court tried the case on stipulated facts and convicted Naaman. Because the only evidence was that Naaman had a rubber stamp for making an impression of a nonimmigrant visa, and not an actual impression, we must reverse.

The government charged Naaman in a two-count indictment alleging that he violated 18 U.S.C. § 1546. The first count charged appellant with having "knowingly possessed a plate in the likeness of a plate designed for the printing of permits, namely three rubber stamps forming a plate of a nonimmigant [sic] visa." The second count charged Naaman with having "knowingly and willfully caused to be made an impression in the likeness of a nonimmigrant visa, namely, three rubber stamps forming the impression of a nonimmigrant visa."

Naaman moved to dismiss both counts of the indictment. The district court granted his motion as to count one, and denied his motion as to count two. The government has not appealed the dismissal of count one, so the only issue before us is the correctness of the district court's ruling on count two. The sole evidence on count two was that Naaman knowingly possessed three rubber stamps that when inked and pressed on a passport created a likeness of a nonimmigrant visa.

We begin with the premise that criminal statutes are construed narrowly. *FCC v. American Broadcasting Co.*, 347 U.S. 284, 296, 74 S.Ct. 593, 600, 98 L.Ed. 699 (1954). As the Supreme Court noted in construing another provision of this statute, criminal liability ought not be imposed unless the words of the statute plainly mandate it. *United States v. Campos-Serrano*, 404 U.S. 293, 297, 92 S.Ct. 471, 474, 30 L.Ed.2d 457 (1971).

Against this background, we conclude that the evidence was not sufficient. The government must show that the rubber stamps are "impressions" within the meaning of section 1546, or the conviction must be reversed for lack of evidence. Section 1546 does not define the term "impression," so we are bound to take the word in its plain and ordinary sense. Both sides in this case have resorted to various dictionaries in an effort to support their

readings. There is general harmony in these definitions, and we conclude that *Webster's New International Dictionary* provides the most accurate and comprehensive definition. That definition refers to the noun "impression" both in terms of an act and the product or figure resulting from the act, but it is the second part of the definition, referring to the product or the figure, that concerns us here, as it bears on the question of whether the stamp is within the statutory prescription. The definition in relevant part is as follows: *"the effect* or product of an impression: as a (1): an indentation, stamp, embossment, form, or figure resulting from physical contact usu. with pressure." *Webster's New International Dictionary* 1137 (3d ed. 1971) (emphasis added). The government, as would be expected, makes much of *Webster's* use of the word "stamp" in defining impression. "Stamp," though, used as a noun has a dual sense in this context, as it too can be the object used for stamping or the mark left behind in the stamping process. We think the use of the word "stamp" in the definition quoted is the effect of an impression, in the sense of the mark left behind. We conclude that an object can be called an impression if it is the mark produced by the act of impressing, and that the rubber stamp does not fit that semantic category. Stamp is the object used to make the forbidden mark, not the mark itself. We find no evidence that the appellee possessed an impression within the meaning of the statute.

The government relies upon *United States v. Smith*, 795 F.2d 841 (9th Cir. 1986). In *Smith* we concluded that photographic negatives of minors in sexually explicit poses were prohibited "visual depictions" under 18 U.S.C. § 2252(a). *Id.* at 846–47. The government would have us draw an analogy between the negatives in that case and the stamps in this case, since both are a reverse image of the ultimate product. We reject the government's argument. "Visual depiction" is a sufficiently amorphous term that it, unlike "impression," could be stretched to cover the material in question. Further, in *Smith* we noted that Congress sought to prevent the

injury to minors who are photographed, an injury that occurs whether or not the photographs are developed. *Id.* We think that *Smith* goes to the outer limit of construing a penal statute in the government's favor. Whatever the validity of that argument in the context of *Smith*, however, it is sufficient for our purposes to note that these factors are not present here. Here the statute prohibits possession of an impression and the rubber stamp does not meet that definition.

The judgment of the district court is REVERSED, and the case is REMANDED with instructions to enter a judgment of acquittal.