960 F.2d 143
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Mohammad Amjad CHOUDHRY, Petitioner, Appellant,
v.
UNITED STATES OF AMERICA, Respondent, Appellee.
 91-1949.
 United States Court of Appeals, First Circuit.
 April 22, 1992
 
 Mohammad Amjad Choudhry on brief pro se.
 Jeffrey R. Howard, United States Attorney, and Peter E. Papps, First Assistant United States Attorney, on Motion for Summary Disposition, for appellee.
 Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Mohammad Amjad Choudhry, a Pakistani national, appeals from a district court judgment denying his motion to vacate his conviction for knowingly having in his control or possession a "plate in the likeness of a plate designed for the printing of permits" in violation of 18 U.S.C. § 1546(a) (1988). We affirm.
 
 I.
 
 2
 We recite the facts as gleaned from the record. In January 1989, Choudhry hired a New Hampshire printing company to make three rubber stamps from certain designs which resembled the official stamps used by immigration authorities of the United States and Pakistan. These official stamps are used to validate travel documents for entering and leaving the United States and Pakistan.
 
 
 3
 On February 2, 1989, government agents observed Choudhry purchasing these stamps, then followed him to his home where, according to Choudhry, he was coerced into consenting to a search in which the agents seized various documents. On February 15, 1989, Choudhry was indicted on seven counts of violating 18 U.S.C. § 1546(a)(1988). That statute makes it a crime for anyone to knowingly possess "any plate in the likeness of a plate designed for the printing of permits. . . " for entry into the United States.[1] He entered a plea of not guilty and was released on bail.
 
 
 4
 Thereafter, Choudhry alleges, defense counsel "insisted" that Choudhry plead guilty in order to get a reduced sentence. On March 19, 1989, Choudhry signed a plea agreement with the government based on his counsel's advice.[2] Choudhry pled guilty to count one of the indictment on April 4, 1989. That charge alleged that:
 
 
 5
 On or about February 2, 1989 the defendant ... not being under the direction of the Attorney General or the Commissioner of the Immigration and Naturalization Service or other proper officer, had in his control or possession a plate in the likeness of a plate designed for the printing of permits, namely, an entry with inspection permit used by the Immigration and Naturalization Service. (emphasis supplied.)
 
 
 6
 The district court accepted Choudhry's unconditional guilty plea and sentenced him to two years probation on June 5, 1989.[3] Shortly after Choudhry paid the requisite fine and penalty, the remaining six counts of the indictment were dismissed.
 
 
 7
 On March 4, 1991, the district court revoked the probationary sentence upon determining that Choudhry had violated certain conditions. The court sentenced Choudhry to three months' imprisonment, a term that expired on or about June 4, 1991. On May 30, 1991, Choudhry filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255.
 
 
 8
 Choudhry's § 2255 motion alleged that the ineffective assistance of defense counsel invalidated his guilty plea. Choudhry particularly faulted defense counsel for failing to argue that the evidence against Choudhry did not establish that he violated 18 U.S.C. § 1546(a) as construed by United States v. Naaman, 813 F.2d 1577 (9th Cir. 1987).[4] Choudhry also argued that his warrantless arrest and the ensuing search of his home violated the Fourth Amendment. Although Choudhry consented to the search by certain INS agents, he alleged that this consent was the product of coercion and threats and that the government failed to inventory the evidence seized from his home.
 
 
 9
 After considering the government's response and Choudhry's reply to that response, the district court denied Choudhry's § 2255 motion without an evidentiary hearing. The court ruled that whether a rubber stamp is an "impression" within the meaning of § 1546(a) was irrelevant, as the evidence against Choudhry justified his conviction for possessing "rubber stamps which resembled stamps used to print permits." The court thus ruled that Naaman was inapposite because Choudhry was convicted under the clause of § 1546(a), p 2 that prohibits the possession of "any plate in the likeness of a plate designed for the printing of permits...." The court did not address Choudhry's remaining arguments.
 
 
 10
 On appeal, Choudhry maintains that his guilty plea is invalid because defense counsel failed to challenge the indictment and evidence as insufficient to establish a crime under 18 U.S.C. § 1546(a). In addition to the points raised in his § 2255 motion, Choudhry now lists some fifteen issues which defense counsel allegedly failed to identify. In particular, Choudhry contends that his counsel failed to point out that a plate used for making a document required to enter the United States and a plate used for making a record of a successful entry (in, for example, a passport) are two different things. Choudhry now says that possession of a stamp which records the fact that a person has entered this country is not prohibited by § 1546(a). He further contends that the indictment is defective because he did not possess a whole plate. (Appellant's Brief at pp. 6-7).[5] Finally, Choudhry reiterates that defense counsel should have challenged the lawfulness of his arrest and search.
 
 II.
 
 11
 It is an "accepted, unchallengeable principle that a [valid] plea of guilty waives all but jurisdictional defenses." United States v. Chantal, 902 F.2d 1018, 1020 (1st Cir. 1990) (citing Gioiosa v. United States, 684 F.2d 176, 179 (1st Cir. 1982)). A claim that an indictment fails to state an offense is a jurisdictional claim that is not waived by a guilty plea. United States v. Montilla, 870 F.2d 549, 552 (9th Cir. 1989); Mack v. United States, 853 F.2d 585, 586 (8th Cir. 1988)(per curiam). And, a guilty plea does not preclude a defendant from subsequently asserting that his plea was involuntary (and invalid) because defense counsel's representation fell below the minimum required by the Sixth Amendment. Acha v. United States, 910 F.2d 28, 30 (1st Cir. 1990) (per curiam). "[A] counseled guilty plea must be based on advice which '[is] within the range of competence demanded of attorneys in criminal cases.' " Lopez-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990) (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)). Once a defendant shows that counsel's advice fell below this standard, he must then show that he was prejudiced by demonstrating "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.
 
 
 12
 While not cogently expressed, we understand Choudhry's argument on appeal to assert a jurisdictional defect in the charge to which he pled guilty. His contention is that the indictment that charged him with unlawfully possessing three rubber stamps failed to charge him with a crime because the stamps did not constitute a "plate in the likeness of a plate designed for the printing of permits" within the meaning of 18 U.S.C. § 1546(a), p 2. Rather, Choudhry says that these items could only make a record of an entry; they could not print permits. While such conduct might be an offense under some other law, the discrete question Choudhry raises is whether it violates § 1546(a), a criminal statute which the Supreme Court has construed narrowly. See United States v. Campos-Serrano, 404 U.S. 293, 297 (1971) (holding that possession of counterfeit alien registration card under pre-1986 version of § 1546(a) was not a crime). Choudhry alleges that because his counsel failed to identify this jurisdictional defect, his guilty plea must be set aside.
 
 
 13
 The problem with this particular argument is that it was not raised below. In his § 2255 motion before the district court, Choudhry unsuccessfully challenged defense counsel's alleged failure to advise Choudhry of a potential defense based on United States v. Naaman, 813 F.2d 1577 (9th Cir. 1987). He now alleges a new shortcoming of defense counsel, i.e., the failure to challenge the indictment on the ground that the rubber stamps he possessed were not "plates" within the meaning of § 1546(a). It is well settled that an issue not raised in the district court cannot be raised for the first time on appeal. See, e.g., Ouimette v. Moran, 942 F.2d 7, 12 (1st Cir. 1991); Hernandez-Hernandez v. United States, 904 F.2d 758, 763 (1st Cir. 1990); Johnston v. Holiday Inns, Inc., 595 F.2d 890, 894 (1st Cir. 1979). "Although this rule is not absolute, it is relaxed only 'in horrendous cases where a gross miscarriage of justice would occur.' ... [and where] the new ground ... [is] 'so compelling as virtually to insure appellant's success.' " Id. (citations omitted).
 
 
 14
 We cannot say that Choudhry's belated claim would amount to a miscarriage of justice, nor that the jurisdictional challenge raised on appeal would virtually ensure success were we to consider it on the merits. Whether a rubber stamp that may be used to record the fact that someone has entered the United States is a "plate in the likeness of a plate designed for the printing of permits" under § 1546(a) has yet to be decided, either in this circuit, or in other circuits. In view of the dearth of authority, Choudhry's belated claim cannot be considered a sure winner such as would move us to bypass our rule that issues may not be considered for the first time on appeal. Nor can we fault defense counsel for failing to raise this novel claim. Choudhry pled guilty in return for the dismissal of six other charges and he received a probationary sentence. It was only after he violated the conditions of his probation that a three-month prison sentence was imposed. Given the questionable likelihood of success inherent in Choudhry's belated claim, counsel's advice that he plead guilty did not constitute ineffective assistance.
 
 
 15
 Choudhry has not reiterated the argument that the Naaman case precluded his conviction. It is therefore waived. See, e.g., United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990). We add that Choudhry does not appear to have been prejudiced by defense counsel's advice to plead guilty in lieu of proceeding to trial in reliance on a Naaman defense. " [W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Hill, 474 U.S. at 59. Naaman 's holding (i.e., that a rubber stamp is not an "impression" under § 1546(a)) does not provide Choudhry with a likely winning defense. It is true that Naaman, like Choudhry, possessed three rubber stamps which created the likeness of an entry document.[6] However, Naaman was convicted of making an impression in the likeness of a nonimmigrant visa. Choudhry, on the other hand, pled guilty to knowingly possessing a plate in the likeness of a plate used to print permits. Naaman does not hold that a rubber stamp cannot be a "plate" within the meaning of § 1546(a).[7] Thus, Naaman does not compel the conclusion that Choudhry was wrongfully convicted.
 
 
 16
 Finally, because Choudhry's guilty plea waived all nonjurisdictional defects that might be raised in a § 2255 motion, it is too late for Choudhry to complain that his arrest and the ensuing search of his home violated the Fourth Amendment. Conviction on a guilty plea is based solely on the plea, not on the evidence. There is no point in examining the evidence seized from Choudhry's home unless it coerced the plea or made it involuntary. But Choudhry has not alleged that this was the case. Nor has he suggested that his arrest rendered his guilty plea involuntary. He is thus foreclosed from contesting these matters in this § 2255 proceeding. See Gioiosa v. United States, 684 F.2d 176, 179-180 (1st Cir. 1982) (§ 2255 petitioner was precluded from challenging search and seizure that resulted in his criminal prosecution where petitioner had pled guilty and did not allege that his plea was involuntary or coerced by the seized evidence).
 
 
 17
 Choudhry's remaining points on appeal assail defense counsel's failure to challenge other aspects of the indictment. As none of these points were raised below, they are not properly before us.
 
 
 18
 Judgment affirmed.
 
 
 
 [1]
 That prohibition is set forth in the second paragraph of 18 U.S.C. § 1546(a), which provides in full as follows:
 Whoever, except under direction of the Attorney General or the Commissioner of the Immigration and Naturalization Service, or other proper officer, knowingly possesses any blank permit, or engraves, sells, brings into the United States, or has in his control or possession any plate in the likeness of a plate designed for the printing of permits, or makes any print, photograph, or impression in the likeness of any immigrant or nonimmigrant visa, permit or other document required for entry into the United States, or has in his possession a distinctive paper which has been adopted by the Attorney General or the Commissioner of the Immigration and Naturalization Service for the printing of such visas, permits or documents,....
 [s]hall be fined under this title or imprisoned not more than five years, or both.
 
 
 [2]
 The plea agreement is not in the record before us. With the exception of the docket sheet, the record of the original criminal proceeding has been lost
 
 
 [3]
 Choudhry was also required to complete 100 hours of community service and to pay a $400 fine and a $50 special penalty. The record shows that these conditions have been satisfied
 
 
 [4]
 Naaman was convicted of making an impression in the likeness of a non-immigrant visa. The only evidence against him was that he had possessed three rubber stamps that, if used, would have created a likeness of a non-immigrant visa when inked and pressed on a passport. There was no evidence that Naaman had actually used the stamp to make an "impression." The Ninth Circuit reversed Naaman's conviction on the ground that a rubber stamp-an object which can be used to make an impression-was not an "impression" within the meaning of 18 U.S.C. § 1546(a)
 
 
 [5]
 In support of this point, Choudhry has submitted a copy of an INS investigation report which states that one of the rubber stamps Choudhry purchased "resemble[s] a lower portion of a USINS admission stamp." Choudhry contends that the portion referred to depicted a blank date stamp, and that anyone possessing a date stamp could be prosecuted under this construction of the statute. However, the INS investigation report was not part of the district court's record, and Choudhry did not raise these contentions below
 
 
 [6]
 In Naaman, the stamp(s) created the likeness of a nonimmigrant visa. Choudhry, in contrast, possessed stamp(s) in the likeness of a plate used to make an entry with inspection permit
 
 
 [7]
 We note that in Naaman, the district court dismissed a count which charged Naaman with the same violation as Choudhry, i.e., " 'knowingly possess[ing] a plate in the likeness of a plate designed for the printing of permits....' " See 813 F.2d at 1578. The reason(s) for dismissal are not apparent from the Ninth Circuit's opinion. As the government did not appeal the ruling, the Naaman decision by the Ninth Circuit has no bearing on the question whether a rubber stamp constitutes a "plate" under 18 U.S.C. § 1546(a)