**Guy BASS, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 84–1684.

United States Court of Appeals, Eighth Circuit.

Submitted June 27, 1984.

Decided July 30, 1984.

Guy Bass, Jr., pro se.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Guy Bass, Jr. appeals from the district court's denial of his motion to vacate, set

aside, or correct his sentence under 28 U.S.C. § 2255. While represented by counsel, Bass pled guilty to distributing marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The United States Attorney recommended that Bass serve his federal sentence in the state institution in which he was already serving a fifteen year state sentence. The district court declined to follow this recommendation and sentenced Bass to three years federal imprisonment after expiration of his state sentence.

Under section 2255, after a guilty plea, the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973). Bass attacks the voluntariness of his plea, alleging that he did not understand the consequences of his plea. Specifically, he maintains that he understood that he would be sentenced to a five year term to run concurrently with his state sentence. A thorough reading of the transcript of his change of plea proceeding suggests that the government initially offered this bargain but retracted it when it appeared impossible to achieve. In fact, the government twice stated that its only recommendation was that Bass serve his time in a state institution. In addition, the district court closely questioned Bass regarding his understanding that the court was not barred by the prosecution's recommendation.

The change of plea transcript conclusively demonstrates that Bass did not have the expectation which he claimed in his petition. Accordingly, the judgment of the district court is affirmed.