Douglas NELSON, Petitioner,

v.

UNITED STATES of America, Respondent.

No. CRIM.A. 02–27(RWR).

United States District Court, District of Columbia.

Dec. 30, 2005.

Charles Joseph Harkins, Jr., Catherine Fair Sheehan, Alyse Graham, U.S. Attorneys Office, Washington, DC, for Respondent.

*MEMORANDUM OPINION*

ROBERTS, District Judge.

Petitioner Douglas Nelson filed this petition for a writ of habeas corpus under 28 U.S.C. § 2255 (2000) seeking relief from a

sentence imposed after he pled guilty to possession of a firearm by a convicted felon. Nelson asserts that his trial and appellate counsel provided ineffective assistance by failing to argue that a two-level increase in his base offense level violated his plea agreement and the principles underlying *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Because Nelson's allegations fail to meet the threshold showing of ineffective assistance of counsel, his habeas petition will be denied.

## BACKGROUND

In 2002, Nelson pled guilty to a one-count indictment charging him with unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). In the plea agreement, the government agreed not to oppose Nelson's request for a three-level reduction for acceptance of responsibility, not to seek any offense level increases or upward departures unless listed in the agreement, and not to oppose a request that Nelson be sentenced at the low end of the applicable guidelines range. (Plea Agr. ¶ 9–10.) The agreement makes no mention of the possibility of a two-level increase under U.S.S.G. § 3C1.2 for reckless endangerment during flight. However, the agreement does say that Nelson understood his sentence would be "imposed in accordance with the *United States Sentencing Commission's Guidelines Manual*" and that "the sentence to be imposed [was] a matter solely within the discretion of the Court." (Plea Agr. ¶ 6.)

The presentence investigation report ("PSR") prepared for Nelson's sentencing reported that Nelson attempted to flee from the police by car just before his arrest, achieving speeds estimated at 100 miles per hour in the city of Washington. The PSR assessed a two-level increase for reckless endangerment during flight. At the sentencing on July 31, 2002, the government took no position on whether the increase should be applied, and the defense opposed the increase claiming that the government failed to show that Nelson had created a substantial risk of death or bodily injury to another person. Based on facts in the PSR and facts admitted by Nelson in his plea, the court imposed a two-level increase under U.S.S.G. § 3C1.2. With the increase, Nelson's total offense level was 23. Because Nelson had a criminal history category of IV, the increase produced a sentencing guideline range of 70 to 87 months, rather than 57 to 71 months without the increase. The defendant was sentenced to 75 months.

Nelson appealed this sentence in August 2002, and a new attorney was appointed. In July 2003, Nelson's appellate counsel moved to withdraw. The D.C. Circuit ordered petitioner to respond to counsel's motion to withdraw. Nelson failed to respond and in December 2003, the D.C. Circuit dismissed his appeal for failure to prosecute.

In July 2004, Nelson filed this habeas petition, alleging that he did not receive constitutionally adequate representation. Nelson first alleges that neither his trial nor appellate counsel raised an objection based on *Blakely* to the two-level increase of his base offense level for reckless endangerment during flight. Second, Nelson contends that his trial and appellate counsel should have raised the objection to the two-level increase that the increase was not included in his plea agreement.

## DISCUSSION

Because petitioner predicates his habeas petition on an ineffective assistance of counsel claim, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d

674 (1984), guides the analysis of his petition. Under *Strickland*, a reviewing court must first determine whether counsel's challenged conduct was unreasonable. *Id.* at 690, 104 S.Ct. 2052. Second, the reviewing court must decide whether prejudice resulted from the ineffective assistance and renders the final outcome of the case untrustworthy. *Id.* at 691–92, 104 S.Ct. 2052.

## I. REASONABLENESS

[1] Unreasonable attorney conduct is conduct that is "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052. Counsel's conduct is evaluated in light of the totality of the facts of the case and against the established standard at the "time of counsel's conduct." *Id.* The constitution does not guarantee the right to clairvoyant counsel. *See United States v. Harms,* 371 F.3d 1208, 1212 (10th Cir.2004); *United States v. Williams,* 838 F.Supp. 1, 4 (D.D.C.1993).

A. *Failure of counsel to object to the two-level increase based on Blakely*

■ At the time of Nelson's sentencing, *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was the latest decision issued in the Supreme Court's line of cases considering the precise reach of the Sixth Amendment's right to trial by jury. In *Apprendi*, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. The D.C. Circuit had interpreted "statutory maximum" to mean the maximum sentence allowable under the applicable criminal statute. *See United States v. Fields,* 251 F.3d 1041, 1043–44 (D.C.Cir.2001). The

statutory maximum for a violation of 18 U.S.C. § 922(g)(1), the offense to which Nelson pled guilty, was 10 years. *See* 18 U.S.C. § 924(a)(2). Nelson was sentenced to 75 months, well under the 10–year statutory maximum. *Blakely* was decided on June 24, 2004, well after the defendant's sentencing. *Blakely* held that the maximum sentence a judge may impose on a defendant must be based only on the facts found by a jury or admitted by the defendant, not based on additional facts found by the judge. 542 U.S. at 303–04, 124 S.Ct. 2531. Because *Blakely* had not yet been decided when Nelson was sentenced, no reliance upon *Apprendi* and *Fields* by his trial counsel would have been unreasonable, nor would any failure to predict that almost 23 months later, *Blakely* would give rise to an objection to the two-level increase based on Nelson's Sixth Amendment right to a jury trial. Nelson's appellate counsel likewise would have had no cause to raise as grounds for appeal in 2002 and 2003 a *Blakely*-based argument or Nelson's trial counsel's failure to raise such an argument during sentencing. Consequently, the failure of Nelson's trial and appellate counsel to raise objections based on *Blakely* did not constitute deficient assistance of counsel that violated Nelson's Sixth Amendment right to counsel.

B. *Failure of counsel to object to the two-level increase based on breach of the plea agreement*

■ No provision of Nelson's plea agreement bound the government to oppose a two-level increase under § 3C1.2. The government promised not to seek such an increase, and it kept that promise. Nor did the agreement bind the court in any way regarding offense level adjustments.[1]

---

**1.** This agreement was not entered under Federal Rule of Criminal Procedure 11(c)(1)(C)

Nelson's plea agreement explicitly states that Nelson understood that his sentence would be imposed in accordance with the *United States Sentencing Commission's Guidelines Manual,* and that the sentence to be imposed was a matter solely within the discretion of the court.

The application of the two-level increase for reckless endangerment during flight was not a breach of the plea agreement. Consequently, Nelson's trial counsel had no cause to object to the two-level increase on the basis that it was a breach of the plea agreement. Likewise, Nelson's appellate counsel had no reason to raise the issue on appeal nor any reason to raise the fact that trial counsel did not bring up the issue. Accordingly, the failure of Nelson's trial and appellate counsel to raise objection to the two-level increase as a breach of the plea agreement did not render their service constitutionally inadequate.

## II. PREJUDICE

Because neither Nelson's trial nor appellate counsel's conduct was deficient or outside the scope of professionally acceptable representation, it is unnecessary to determine whether the alleged ineffective assistance of counsel prejudiced petitioner. *See Strickland,* 466 U.S. at 697, 104 S.Ct. 2052 (finding that "there is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one").

### CONCLUSION

Nelson has not demonstrated that his trial and appellate counsel provided him constitutionally deficient representation. His petition will be denied. A final order accompanies this Memorandum Opinion.

(then numbered as 11(e)(1)(C)) which would have bound the court to impose an agreed-

### ORDER

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

ORDERED that petitioner's motion to vacate, set aside, or correct his sentence be, and hereby is, DENIED. This is a final, appealable order.