**Kenneth J. COWAN**

v.

**KEYSTONE EMPLOYEE PROFIT SHARING FUND.**

Civ. A. No. 77–2522–F.

United States District Court,
D. Massachusetts.

March 22, 1978.

236

Joan L. Carroll, Boston, Mass., Neil L. Lynch, Herlihy & O'Brien, Boston, Mass., for plaintiff.

Robert W. Meserve, Michael J. Liston, Newman & Meserve, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

In this action brought under §§ 404, 405 and 502 of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§ 1104, 1105 and 1132, and § 401 of the Internal Revenue Code, 26 U.S.C. § 401, plaintiff seeks to recover amounts he claims due him under an employee profit sharing plan as well as damages from the trustees of the plan for deceit, fraud, misrepresentation and breach of fiduciary duties. Defendants moved to dismiss the action for lack of jurisdiction over the subject matter. Defendants' motion was referred to a magistrate for findings and recommendations. The Magistrate recommended that the motion be granted and the matter is now before the Court on plaintiff's objections to that recommendation. The Court will therefore review the matter *de novo*. *Societa Anonima Lucchese Olii E. Vini v. Catania Spagna Corporation*, 440 F.Supp. 461 (D.Mass.1977).

The factual allegations in plaintiff's complaint may be summarized as follows. Plaintiff, a resident of Massachusetts, was employed by defendant Keystone Custodian Funds, Inc. (hereinafter "the Company") and its subsidiary-affiliates from February 1, 1964 until he was forced to resign his position in 1974. From 1967 until his resignation, plaintiff participated in the Company's employee profit sharing trust. The Company experienced financial difficulties beginning in mid-1970 and lasting through 1974 which prevented it from making its full 15% contribution from profits to the employee profit sharing trust. The profit sharing trust and its successors were amended on November 4, 1974. The amendment provided that the Company would make up the contributions it had missed during the period of financial difficulty.

Upon plaintiff's termination he was advised by several employees connected with the profit sharing trust, several officers of the company administering the trust, and the trustees of the trust as to what constituted his share. Sometime in November 1974[1] plaintiff signed a termination agreement (hereinafter the "agreement") with the Company. Settlement of plaintiff's share in the profit sharing trust was an integral part of this agreement.

Claiming that he was not advised of the November 4, 1974 amendment to the profit sharing trust prior to his signing the agreement, plaintiff brought this action seeking amounts allegedly due him under the terms of the amendment and damages for breach of fiduciary duties and fraud. The complaint names as defendants the profit sharing trust and its successors, the settlor companies and their subsidiaries and affiliates, the Company, the trustees and administrators of the trust, and officers of the Company. All of the defendants are residents of Massachusetts.

The jurisdictional allegation in the amended complaint states:

The original jurisdiction of this court is conferred under 29 USC 1303(f); 88 Stat 1006; 29 USC 1132(a)(d)(e) and (f); 88 Stat 891. This action also arises under the Restatement of Law Contracts 2nd section 498 and Restatement of Law Trusts 2nd section 199. The amount in controversy exceeds $10,000 and there is diversity of citizenship as plaintiff was an officer of a foreign corporation as a condition for employment with defendant.

■ There is no diversity jurisdiction in this case. All of the parties are residents of Massachusetts. Diversity jurisdiction is expressly limited to controversies between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). See U.S.Const. Art. III, § 2, cl. 1. It is irrelevant that "plaintiff was an officer of a foreign corporation as a condition for employment with defendant." The Court must agree with the defendants that plaintiff's assertion of diversity jurisdiction is "patently ridiculous."

■ Plaintiff's reliance on 29 U.S.C. § 1303(f) is similarly misplaced. That subsection vests the district courts with jurisdiction over actions brought against the Pension Benefit Guaranty Corporation (hereinafter the "PBGC").[2] The PBGC is not a defendant in the case at bar and 29 U.S.C. § 1303(f) cannot, therefore, serve as the basis for this Court's jurisdiction.[3]

---

**1.** Paragraph 7 of the amended complaint gives November 28, 1974 as the date of the termination agreement. Paragraph 10 of the complaint gives November 25, 1974 as the date of the agreement.

**2.** The PBGC is established within the Department of Labor by 29 U.S.C. § 1302.

**3.** It should be noted that the provisions of 29 U.S.C. § 1144 apply to subchapter III of chapter 18 of Title 29, 29 U.S.C. § 1301 *et seq.*, of which 29 U.S.C. § 1303(f) is a part. There is therefore an alternative basis for my holding that there is no jurisdiction under 29 U.S.C. § 1303(f) in this case. See discussion, *infra*.

■ While plaintiff does not specifically assert federal question jurisdiction by operation of § 401 of the Internal Revenue Code, the Court notes that that section provides no ". . . substantive right for the enforcement of which a remedy for the collection of profit-sharing benefits may be implied, . . ." *Nolan v. Meyer*, 520 F.2d 1276, 1280 (2nd Cir.), *cert. denied*, 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975).

There remains for consideration plaintiff's claim that the Court has jurisdiction under 29 U.S.C. § 1132(a), (d), (e) and (f). Subsection (a) of § 1132 (hereinafter "Section 1132") provides *inter alia* that a participant or beneficiary may sue to recover benefits due him under an employee benefit plan; subsection (d) specifically provides that an employee benefit plan is an entity which may sue or be sued; and subsections (e) and (f) vest the district courts with jurisdiction over civil actions brought by the Secretary of Labor, a plan participant, beneficiary, or fiduciary. The state courts have concurrent jurisdiction over actions brought by a participant or beneficiary to recover benefits due him under a plan. 29 U.S.C. § 1132(e)(1).

■ Although the statutory scheme described above appears to vest this Court with at least concurrent jurisdiction over the case at bar, defendants contend that 29 U.S.C. § 1144 (hereinafter "Section 1144") presents a jurisdictional bar to plaintiff's action. Section 1144 provides, in pertinent part:

(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. *This section shall take effect on January 1, 1975.*

.    .    .    .    .

(b)(1) *This section shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975.*

29 U.S.C. § 1144 (emphasis added). Defendants argue that since all of the acts or omissions alleged in plaintiff's complaint occurred prior to January 1, 1975, the action is not maintainable in federal court. Plaintiff argues that the January 1, 1975 effective date of Section 1144 is operative only for purposes of that section; that Section 1132 became effective on September 2, 1974; that the acts or omissions complained of took place in November of 1974;[4] and that this Court therefore has jurisdiction over this action.

■ Section 1144 is designed to make subchapters I and III of chapter 18 of Title 29 of the United States Code, 29 U.S.C. §§ 1001–1144, §§ 1301–1381, preemptive of state law as of January 1, 1975. *E. g., Azzaro v. Harnett*, 414 F.Supp. 473 (S.D.N.Y.1976), *aff'd mem.*, 553 F.2d 93 (1977). Thus the administration and enforcement provisions of which Section 1132 is a part are available for actions brought after that date. The specific exclusion in subsection (b)(1) of Section 1144 of causes of action which arose or acts or omissions which occurred prior to January 1, 1975, however, is meaningful only if read as precluding Section 1132 jurisdiction for such causes of action or acts or omissions. I hold, therefore, that Section 1144 bars Section 1132 jurisdiction for causes of action arising or acts or omissions occurring prior to January 1, 1975. This holding is consistent with the reported decisions considering the same issue. *E. g., Finn v. Chicago Newspaper Publishers' Association-Drivers Union Pension Plan*, 432 F.Supp. 1178 (N.D.Ill.1977). *See Anderson v. Abex Corporation*, 418 F.Supp. 5 at 6, n. 1 (D.Vt.1975). *Cf. Martin v. Bankers Trust Co.*, 565 F.2d 1276 (4th Cir. 1977) (cause of action arising prior to September 2, 1974).

---

4. The Court rejects as meritless plaintiff's alternative argument that his cause of action actually arose in 1976 and 1977 when payments were made to other beneficiaries of the plan but none were made to plaintiff. *Cf. Martin v. Bankers Trust Co.*, 565 F.2d 1276 (4th Cir. 1977).

Since there is neither diversity nor federal question jurisdiction in this case, plaintiff's action, regardless of the merit of the allegations raised, is not properly before this Court. Defendants' motion to dismiss for lack of jurisdiction over the subject matter is therefore granted and plaintiff's action dismissed.

SO ORDERED.