Leah **MCMORRIS** and Wendy L. Pignone, individually and as representatives of a proposed class, Plaintiffs,

v.

THE TJX COMPANIES, INC., and The TJX Operating Companies, Inc., Defendants.

No.  CIV.A.07–10162–WGY.

United States District Court, D. Massachusetts.

June 26, 2007.

John Michael Barclay, Richard P. Rouco, Whatley Drake & Kallas LLC, Birmingham, AL, Gregory Louis Davis Greg Davis, LLC, Montgomery, AL, F. Inge Johnstone, Archie C. Lamb, Jr., Law Offices of Archie Lamb LLC, Birmingham, AL, Louis Cooper Rutland, Jr., Rutland Law Firm, LLC, Union Springs, AL, Patrick J. Sheehan, Whatley, Drake & Kallas, Boston, MA, Joe R. Whatley, Jr., Whatley, Drake & Kallas, New York City, for Amerifirst Bank, Consolidated Plaintiff.

James R. Byrne, William H. Champlin, III, Tyler, Cooper & Alcorn LLP, Hartford, CT, Michael G. Caldwell, Tyler Cooper & Alcorn LLP, New Haven, CT, for Collinsville Savings Society, Connecticut Bankers Association, Eagle Bank, Maine Association of Community Banks, Massachusetts Bankers Association, Saugusbank, Consolidated Plaintiffs.

Danielle Disporto, Lester L. Levy, Wolf Popper LLP, New York, NY, Robert E. Ditzion, Thomas G. Shapiro, Shapiro, Haber & Urmy, LLP, Boston, MA, for Jitka Parment, Julie Buckley, Kimberly Myck-Rawson, Rachel Rosenfeld, Consolidated Plaintiffs.

Michael T. Fantini, Jon J. Lambiras, Sherrie R. Savett, Berger & Montague, P.C., Philadelphia, PA, Jonathan Shapiro, Stern, Shapiro, Weissberg & Garin, Boston, MA, for Paula G. Mace, Plaintiff.

Kristen Marquis Fritz, Robert T. Naumes, Thornton & Naumes, LLP, Boston, MA, for Leah McMorris, Wendy L. Pignone, Consolidated Plaintiffs.

Richard D. Batchelder, Jr., Brian R. Blais, Ropes & Gray LLP, Boston, MA, Seth C. Harrington, Ropes & Gray LLP (BOS), Boston, MA, Douglas H. Meal, Mark Szpak, Harvey J. Wolkoff, Ropes & Gray LLP, Boston, MA, for TJX Companies, Inc., Defendant.

Michele F. Raphael, Wolf Popper LLP, New York, NY, for Acohen Marketing & Public Relations, LLC; Amerifirst Bank, Collinsville Savings Society, Connecticut Bankers Association, Eagle Bank, Maine Association of Community Banks, Massachusetts Bankers Association, Saugusbank, TJ Maxx, Anne Cohen, Christy Mascolo–Brown, Gary Fuller, Jitka Parment, Julie Buckley, Kimberly Myck–Rawson, Laura Lerner, Leah McMorris, Mark Parrish, Marylin Crew, Michelle Peavy, Rachel Rosenfeld, Robert Ahearn, Robert Mann, Sandra Fuller, Thomas J. Gaydos, Traci Arians, Vicky Grisham, Wendy L. Pignone, Wendy Rivas, Consolidated Plaintiffs.

Thomas G. Shapiro, Shapiro Haber & Urmy LLP, Boston, for Jitka Parment, Julie Buckley, Kimberly Myck–Rawson, Rachel Rosenfeld, Robert Ahearn, Wendy Rivas, Acohen Marketing & Public Relations, LLC, Anne Cohen, Laura Lerner, Robert Mann, Consolidated Plaintiffs.

Thomas M. Sobol, Hagens Berman Sobol Shapiro LLP, Cambridge, MA, for Traci Arians, Vicky Grisham, Christy Mascolo–Brown, Marylin Crew, Michelie Peavy, Consolidated Plaintiffs.

William S. Fish, Jr., Tyler Cooper & Alcorn LLP, Hartford, CT, Benjamin A. Solnit, Tyler Cooper & Alcorn, LLP, New Haven, CT, for Collinsville Savings Society, Connecticut Bankers Association, Eagle Bank, Maine Association of Community Banks, Massachusetts Bankers Association, Saugusbank, Consolidated Plaintiffs.

James R. Carroll, Nicholas I. Leitzes, Skadden Arps Slate Meagher & Flom LLP, Boston, MA, Robert N. Webner, Vorys Sater Seymour and Pease LLP, Columbus, OH, William Breck Weigel, Vorys, Sater, Seymour and Pease, LLP, Cincinnati, OH, for Fifth Third Bancorp, Fifth Third Bank, Consolidated Defendants.

*MEMORANDUM AND ORDER*

YOUNG, District Judge.

## I. INTRODUCTION

On May 17, 2007, this Court took under advisement the Plaintiffs' motion to remand this action to the Massachusetts Superior Court in order to analyze in more detail the issue of the burden of proof for removal of actions under the Class Action Fairness Act of 2005 ("CAFA") § 4, Pub.L. No. 109–2, 119 Stat. 14 (2005) (codified as amended in 28 U.S.C. § 1332(d)(2)), an issue of first impression in the First Circuit.

On February 5, 2007, Leah McMorris filed the original complaint in this putative class action (the "McMorris class") in the Massachusetts Superior Court sitting in and for the County of Middlesex. Notice of Removal [07–cv–10682, Doc. No. 1], Decl. of Brian R. Blais, Ex. A ("Original Compl."). The complaint defined the proposed class as:

> Residents of Massachusetts who made purchases and paid by credit or debit card or check or who made a return at one or more Marshalls, T.J. Maxx, HomeGoods, or A.J. Wright stores in the United States in 2003 or from May to December 2006.

Original Compl. ¶ 14. In the complaint, the McMorris class also identified the defendant, The TJX Companies, Inc. ("TJX") as "a Delaware Corporation with its principal place of business in Framingham, Massachusetts." *Id.* ¶ 4.

The McMorris class did not proceed with service of a summons and complaint at that time. Rather, on April 4, 2007, the McMorris class filed a "Notice of Filing First Amended Complaint" in the Superior Court, along with a First Amended Complaint. Notice of Removal [07–cv–10682, Doc. No. 1], Decl. of Brian R. Blais, Ex. B ("Am.Compl."). The First Amended Com-

plaint added a named representative plaintiff, Wendy L. Pignone, and modified the class definition in certain respects, but continued to state that the action was asserted on behalf of "[r]esidents" of Massachusetts. *See id.* ¶ 20. Specifically, the First Amended Complaint—which was the complaint in effect at the time of removal on April 13, 2007—defined the proposed class as:

> Residents of Massachusetts who made purchases and paid by credit or debit card or check or who made a return at one or more Marshalls, T.J. Maxx, HomeGoods, or A.J. Wright stores in the United States from 2002 to the end of 2006.

*Id.* The First Amended Complaint continued to identify TJX as "a Delaware Corporation with its principal place of business in Framingham, Massachusetts." *Id.* ¶ 10.

On April 13, 2007, TJX filed a Notice of Removal in this matter then pending in the Middlesex Superior Court, thus removing this case from the state court to this session of the United States District Court. The *McMorris* class action was not the only putative class action seeking redress from TJX.

In fact, by the time the notice of removal was filed, this Court had significantly progressed on similar cases and claims. On January 29, 2007, AmeriFirst Bank ("AmeriFirst") filed a class action complaint against TJX Companies, Inc., T.J. Maxx, Fifth Third Bancorp, and Fifth Third Bank. [07–cv–10169, Doc. No. 1].

On April 4, 2007, this Court entered a Case Management Order consolidating six related actions then pending in this district and appointing Berger & Montague, P.C. and Wolf Popper, LLP as Co–Lead Counsel over all consolidated actions. Case Management Order [Doc. No. 11] ¶¶ 1, 13. This Order also appointed Shapiro Haber & Urmy LLP and Stern Shapiro Weiss-

berg & Garin, LLP to serve as Plaintiffs' Co–Liaison Counsel. *Id.* ¶ 14.

On April 9, 2007, AmeriFirst moved the Court to amend the Case Management Order of April 4, 2007, moving for the creation of two separate tracks—a Consumer Track and a Financial Institution Track—and the appointment of AmeriFirst's counsel as Lead Counsel of the Financial Institution Track. Mot. to Amend [Doc. No. 14] at 1.

On April 10, 2007, the Massachusetts Bankers Association filed a Motion to Defer Appointment of Lead Class Counsel Representing Financial Institutions. [Doc. No. 16].

On April 11, 2007, this Court had already held a Scheduling Conference pursuant to Local Rule 16.1 concerning these six consolidated cases. At this conference, the Court, among other things, ordered that the consolidated actions would proceed as one case under the title *In re TJX Companies Retail Security Breach Litigation,* and placed the consolidated case on the running trial list for May 2008 (later amended to June 2008). In addition, the Court appointed AmeriFirst's Counsel interim class counsel for the financial institutions and gave the Massachusetts Bankers Association and other banks until April 25, 2007 to file a complaint and any motion to appoint their counsel as lead counsel for the financial institutions.

Thus the consolidated case—the putative classes of which entirely encompass the *McMorris* class—had already commenced its march to trial in this session when this case arrived. Almost immediately, the *McMorris* class wanted out, filing a Motion to Remand on April, 27, 2007. It is this motion that this Court heard on May 17, 2007, and it is this motion that this memorandum addresses.

## II. DISCUSSION

### A. Minimal Diversity

For class actions covered by CAFA,[1] Congress abandoned the "complete" diversity requirement of 28 U.S.C. § 1332(a). Instead, CAFA now requires only "minimal" diversity between adverse parties, as set out in 28 U.S.C. § 1332(d)(2). Therefore, under CAFA, diversity jurisdiction exists in class actions so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant," or "any member of a class of plaintiffs is . . . a citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2)(A)—(B); *see Natale v. Pfizer Inc.*, 379 F.Supp.2d 161, 167 (D.Mass.2005), *aff'd*, 424 F.3d 43 (1st Cir. 2005) (holding that one of CAFA's primary mechanisms for expanding jurisdiction is to replace the strict complete diversity requirement with a lenient rule now granting jurisdiction if any diversity exists between plaintiffs and defendants).

This Court has jurisdiction because the putative class satisfies the requirements of minimal diversity.

### 1. Residence Does Not Equal Citizenship

■ The First Amended Complaint proposes a class of "[r]esidents of Massachusetts" who engaged in transactions at TJX during a specified time. Am. Compl. ¶ 20. Accordingly, by definition, the class may include foreign citizens who resided in Massachusetts during that period and who made purchases at TJX.

The McMorris class attempts to secure remand by arguing that residence and citizenship are to be used interchangeably for the purpose of ascertaining diversity jurisdiction under CAFA. Pls.' Mem. in Supp. of Mot. to Remand [Doc. No. 30] ("Pls.Mem.") at 3. Citizenship, however is equated not with residence, but with "domicile," i.e., the place where an individual "has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *See Valentin v. Hospital Bella Vista*, 254 F.3d 358, 366 (1st Cir.2001) (internal quotation omitted). As the First Circuit emphasized in *Valentin v. Hospital Bella Vista*, and upon which the McMorris class themselves rely, see Pls. Mem. at 5, "[j]urisdictionally speaking, residency and citizenship are not interchangeable." *Valentin*, 254 F.3d at 361 n. 1. Federal courts that have focused on the issue consistently have rejected the proposition that mere residence establishes a party's citizenship for the purpose of diversity. *See Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 53 (1st Cir.1992) ("We add that citizenship or domicile, not residence, is the basis of subject matter jurisdiction."); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir.1991) ("[Plaintiff] correctly notes that the relevant standard is 'citizenship,' i.e., 'domicile,' not mere residence . . . ."); *ConnectU LLC v. Zuckerberg*, 482 F.Supp.2d 3, 9 & n. 5 (D.Mass. 2007) (Woodlock, J.) (stating that an allegation that "[u]pon information and belief, Defendant Mark Zuckerberg is an individual with a place of residence in the State of New York" was "an insufficient allegation for jurisdictional purposes in any event since the pertinent inquiry is the citizenship or domicile, not the residency, of a party."); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir.2007) (rejecting plaintiffs' contention that residency can serve as a

1. CAFA applies to class actions where, inter alia, the amount in controversy exceeds $5,000,000. The McMorris class here makes no argument that the action fails to meet this criterion.

proxy for domicile to establish the citizenship of a putative class under CAFA); *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir.2001); *Krasnov v. Dinan,* 465 F.2d 1298, 1300 (3d Cir.1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citation omitted); *Schwartz v. Comcast Corp.,* No. Civ.A. 05–2340, 2006 WL 487915, at *6 (E.D.Pa. Feb.28 2006) (rejecting plaintiff's argument that "residence is an effective proxy for domicile").

The McMorris class cites a number of cases described as using the words "resident" and "citizen" interchangeably. Pls.' Mem. at 3–5 (citing, for example, *Walker v. Armco Steel Corp.*, 446 U.S. 740, 742, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *McCord v. Horace Mann Ins. Co.,* 390 F.3d 138, 141 (1st Cir.2004); and *Cowan v. Keystone Employee Profit Sharing Fund,* 449 F.Supp. 235, 237 (D.Mass.1978) (Freedman, J.)). These cases, however, are not focused upon the difference between "residence" and "citizenship"; they merely use the term "residence" to summarize the procedural history. *See, e.g., Cowan,* 449 F.Supp. at 237.

Other courts that have specifically addressed the application of CAFA's minimal diversity requirement have likewise rejected the contention of the McMorris class here. *See Preston,* 485 F.3d 793, 798–99; *Schwartz,* 2006 WL 487915, at *6. In *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.,* the court denied the plaintiffs' motion to remand under CAFA's statutory exceptions, because "[a] party's residence in a state alone does not establish domicile." 485 F.3d at 798 (citing *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974)). Additionally, the *Preston* court rejected the plaintiffs' contention that proof of an individual's residence creates a rebuttable presumption of domicile. *Id.* at 798–99.

Moreover, in *Schwartz v. Comcast Corp.,* a case very similar to this one, a customer sought relief on behalf of a class defined as "[a]ll persons and entities residing or doing business in the Commonwealth of Pennsylvania." 2006 WL 487915, at *3. The court concluded that "allegations of residence are not sufficient for purposes of establishing citizenship." *Id.* (citing *Krasnov v. Dinan,* 465 F.2d 1298, 1300 (3d Cir.1972)). The court then denied the plaintiff's motion to remand under CAFA's statutory exceptions, reasoning that he failed to offer sufficient evidence that the putative class members residing in Pennsylvania were actually domiciled there and instead relied on the flawed "assumption that residence is an effective proxy for domicile." *Id.* at *6.

Thus, this putative class that is composed entirely of residents of Massachusetts, does not, by definition, foreclose the inclusion of non-citizens as well. This suffices to support the assertion of federal jurisdiction in this case.

**2. Minimal Diversity**

"Minimal" diversity is rooted in Article III, Section 2 of the United States Constitution, which courts have long construed as permitting federal jurisdiction in cases where diversity of citizenship exists between any two parties on opposite sides of an action. *See State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 530–31, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967) (discussing the sufficiency of minimal diversity under the federal interpleader statute, 28 U.S.C. § 1335). The Supreme Court recently noted that minimal diversity may well be satisfied in any situation where one of the parties has multiple citizenship:

We understand "minimal diversity" to mean the existence of at least *one* party

who is diverse in citizenship from one party on the other side of the case, even though the extraconstitutional "complete diversity" required by our cases is lacking. It is possible, though far from clear, that one can have opposing parties in a two-party case who are co-citizens, and yet have minimal Article III jurisdiction because of the multiple citizenship of one of the parties. Although the Court has previously said that minimal diversity requires "two adverse parties [who] are not co-citizens," *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967), the Court did not have before it a multiple-citizenship situation.

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 577 n. 6, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004).

This Court need not reach the issue left open in *Grupo Dataflux* because TJX has sufficiently alleged a "reasonable probability" that at least one member of the McMorris class is domiciled in a state other than Massachusetts or Delaware, the two states in which TJX is domiciled. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir.2006). Such minimal diversity is enough to satisfy the requirements of Article III. *Tashire*, 386 U.S. at 531, 87 S.Ct. 1199. It is also enough to satisfy the requirements of CAFA: jurisdiction exists wherever "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

### 1. CAFA's Home State Exception

■ CAFA generally grants jurisdiction to district courts over class actions.

CAFA also specifies some circumstances, however, where jurisdiction is nonetheless not to be exercised. *See, e.g.*, 28 U.S.C. § 1332(d)(4),(5) & (9). For instance, it provides that a district court shall decline jurisdiction over a class action in which "two-thirds or more members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.* § 1332(d)(4)(B). The McMorris class asks the Court to apply this exception, otherwise known as the "home state exception" to this case since all known class members are citizens of Massachusetts.[2]

The appeal to the home state exception necessarily raises the issue as to which party bears the burden of proof. The argument of the McMorris class rests solely on one recent case from the Central District of California. *See* Mot. Hr'g Tr. at 9:10–10:1; *Lao v. Wickes Furniture Co., Inc.*, 455 F.Supp.2d 1045 (C.D.Cal.2006). In *Lao v. Wickes Furniture Co., Inc.*, the district court held that 28 U.S.C. § 1332(d)(4) did not constitute an exception to CAFA's jurisdictional sweep, but simply provided additional criteria that must affirmatively be shown by the party seeking to establish CAFA jurisdiction in the first instance. 455 F.Supp.2d at 1059. *Lao* has, however, been overruled by a subsequent decision by the Ninth Circuit Court of Appeals. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir.2007). In *Serrano*, the Ninth Circuit declined plaintiff's argument that the *Lao* reasoning was applicable and held that the party seeking remand of a case removed

---

**2.** The McMorris class has not even alleged that all the members of its putative class are citizens of Massachusetts. Instead, as pointed out above, it has improperly conflated "residence" with "citizenship." To complete-

ly address the arguments presented, however, the Court will assume the McMorris class had properly alleged citizenship instead of residency.

under CAFA bears the burden of establishing the home state exception. *Id.*

Similarly, this Court is not persuaded by the reasoning in *Lao.* First and foremost, *Lao*'s result is inconsistent with the plain language of CAFA. As noted above, sections 1332(d)(4)(A) and (B) require federal courts, despite having jurisdiction under section 1332(d)(2), to "decline to exercise jurisdiction" when the criteria set forth in those provisions are met. Subsections (d)(4)(A) and (B) are, therefore, not part of the prima facie elements of jurisdiction but exceptions to such jurisdiction. As the proponent of the exception, the McMorris class bears the burden.

This Court gives significant weight to the fact that every other federal court that has considered this issue has held that the burden of showing that a statutory exception applies falls on the party moving to remand. *See, e.g., Preston,* 485 F.3d at 801 (stating that the parties moving to remand must prove that a CAFA exception to federal jurisdiction apply); *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 679–680 (7th Cir.2006) (analogizing the structure of CAFA to that of the general removal statute, which places the burden on the opponent of removal to show express exceptions to removability); *Frazier v. Pioneer Americas LLC,* 455 F.3d 542, 546 (5th Cir.2006) (noting that district court properly placed the burden on plaintiffs to show statutory exclusions); *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1164 (11th Cir.2006) (holding that when a party seeks to avail itself of an express statutory exception to CAFA, that party bears the burden of proof with regard to that exception); *Martin v. Lafon Nursing Facility of the Holy Family, Inc.,* No. 06–5108, 2007 WL 162813, at *2–*3 (E.D.La. Jan.18, 2007) (ruling that the burden of proving citizenship of a putative class, and therefore the applicability of

CAFA exception, rests with plaintiff). Thus, this Court holds it is the plaintiffs opposing remand who have the burden of demonstrating that two-thirds or more of the proposed class are citizens of Massachusetts.

Commentators have also addressed the issue of who bears the burden of proving CAFA's local controversy exception. Most of them have reached the same conclusion this Court has: that the burden of proving an exception rests with the party opposing removal. *See, e.g.,* James M Garner, *Congressional Welcome to Federal Court—The Class Action Fairness Act: Has the Party Just Begun?,* 80 Tul. L.Rev. 1669, 1689–1690 (2005–06) (explaining that placing the burden on the plaintiff seeking remand comports with the general principle of statutory construction that a party seeking the benefit of an exception bears the burden of proving it); Steven M. Puiszis, *Developing Trends with The Class Action Fairness Act of 2005,* 40 J. Marshall L.Rev. 115, 154–55 (2006) ("[W]hile the party seeking removal may continue to bear the initial burden of demonstrating removal was proper under CAFA, once that initial jurisdictional threshold is established, the party opposing removal bears the burden of establishing the applicability of one of CAFA's jurisdictional exceptions."); Stephen J. Shapiro, *Applying the Jurisdictional Provisions of The Class Action Fairness Act of 2005: In Search for a Sensible Judicial Approach,* 59 Baylor L.Rev. 77, 98–99 (2006) (stating that the general rule that the party seeking federal jurisdiction has the burden of proof does not apply to a party seeking to apply the home state exception).

██ Since the McMorris class must shoulder the burden of proof, the question becomes whether that burden has been satisfied. In this case, the McMorris class simply asserts that all the named plaintiffs

are citizens of Massachusetts and "it is clear that at least two-thirds . . . of the members of the putative class are citizens of Massachusetts." Pls.' Mem. at 9. This Court rules that such a bare assertion cannot sustain the burden of proof. *See, e.g., Evans,* 449 F.3d at 1166 (concluding that evidence of interviewing numerous potential class members residing in the forum state presented by plaintiffs was inadequate to qualify for a CAFA exclusion); *Nichols v. Progressive Direct Ins. Co.,* No. 06–146–DLB, 2007 WL 1035014, at *3 (E.D.Ky. Mar.31, 2007) (denying motion to remand under CAFA's home state exception, and noting that when a proposed class period spans several years, it is "sheer speculation" to conclude putative class members "remained citizens of the state"); *Musgrave v. Aluminum Co. of America, Inc.,* No. 3:06–cv–0029–RLY–WGH, 2006 WL 1994840, at *2–*3 (S.D.Ind. July 14, 2006) (holding that a mere allegation that potential class members lived in the forum state was insufficient to meet CAFA's exception); *Schwartz,* 2006 WL 487915, at *6 (refusing to remand action under CAFA exception on the basis that the evidence of the class members' residences was not sufficient to establish that two-thirds or more of class members were citizens of the forum state). Indeed, other courts have held that even supplying a list of the home addresses of the putative class members does not suffice to establish citizenship. *See, e.g., Preston,* 485 F.3d at 801.

Accordingly, since the McMorris class has not met its burden of proof, this Court will not apply CAFA's home state exception.

### 2. What's going on here?

While these are matters of first impression in the First Circuit, the great weight of authority elsewhere suggests that the arguments here presented are something of a Hail Mary pass. Why bother?

Of course, counsel ought have the incentive to advance every legitimate argument on behalf of their clients. Moreover, the weight of independent analysis amply confirms the societal benefits derived from vigorous prosecution of class actions. Myriam Ellis & Gary B. Friedman, *Exploding the Class Action Agency Cost Myth: The Social Utility of Entrepreneurial Lawyers,* 155 U. Pa. L.Rev. 103, 106–108 (2006); *see also,* Deborah R. Hensler, Nicholas M. Pace, Bonnie Dombey–Moore, Elizabeth Giddens, Jennifer Gross & Erik Moller, *Class Action Dilemmas: Pursuing Public Goals for Private Gain,* Rand Institute (2000), *available at http://www.rand. org/pubs/monograph_reports/MR969/ index.html* (last visited June 14, 2007) (stating that whether the benefits of class actions outweigh their costs is "a deeply political question, implicating fundamental beliefs about the structure of the political system, the nature of society, and the roles of courts and law in society").

Whatever the actual social benefits of class action litigation, however, CAFA is generally regarded as reflecting skepticism about the work of plaintiffs' class action attorneys. *See* Edward F. Sherman, *Decline and Fall,* A.B.A. J. 51, 51 (June, 2007). CAFA implements its statutory policy by favoring federal courts over state courts. In the federal district courts, of course, overlapping class actions in a particular district may easily be consolidated—as was done here. *See* Local Rule 40.1(j). Moreover, wherever venue is appropriate, civil cases may be transferred between districts. 28 U.S.C. § 1404(a). Federal cases may also be consolidated, at least for pre-trial purposes, by the Judicial Panel on Multidistrict Litigation. 28 U.S.C. § 1407.

The judge presiding over any case where there are multiple overlapping class actions will, as a matter of course, appoint lead counsel so that the interest of all class members will be vigorously, professionally, yet efficiently handled. This Court followed this practice here.

It is for this reason that, having already appointed qualified lead counsel and co-lead counsel for the putative consumer and banking class actions, this Court declined to modify the Case Management Scheduling Order to include in the leadership group the distinguished plaintiffs' class action attorneys who represent an overlapping class in a related action in the District of California. So here, denying the present motion to remand and consolidating the McMorris class with the other pending putative class actions will have the practical consequence of marginalizing the McMorris class counsel and excluding them from the leadership group.

The consolidated cases are, of course, solely concerned with the rights of the putative class members and the rights of TJX. It would be unseemly and unprofessional for attorneys to jockey for position (and their own potential monetary advantage). This Court, thus, made the following inquiry [3]:

> THE COURT: All right. Why should I remand this action in light of the pendency of the consolidated cases before this Court? And I have some familiarity with the Class Action Fairness Act. Maybe I need more familiarity. But I also invite you to address the practicalities here. Candidly, I'm at a loss to what's going on really and here's why.

You've got an action that you say is for Massachusetts folks. But that action is clearly, in my mind, encompassed by some of these other actions. Now, they want larger class action cases, but it's going to include Massachusetts folks in the class. And the likelihood as a practical matter, I know I'm not talking law now, the likelihood as a practical matter, and I mean no disrespect to anyone, if I get this to trial when I've said it's going to trial, that trial probably, and I was a Superior Court justice, is going to go, is going to be resolved before the Superior Court gets to your case. So it's going to be faster justice in this Court and it's going to, and whatever we decide is going to bind your, assuming I have a class that encompasses these Massachusetts folks, it's going to bind your class. And so it's over and you—that's if you win this motion. Wouldn't—well, I shouldn't urge you. It's not for me to urge you. You do tactically what you think is best. But those practical issues come into my mind. And if you could address those, I would find that helpful. Because I don't know what's going on here. You tell me.

MS. FRITZ: All right, thank you, your Honor. I'm happy to address those practical considerations and, in fact, I've discussed them both with the defendant briefly and with some of the other plaintiffs' counsel here. My concerns, understanding your practical perspective, are really legal concerns. There are a lot of assumptions in what you just said, and I think you conceded that. The reality is that to have a nationwide class certified is very difficult in any jurisdiction, so it's

---

**3.** This Court not only made inquiry to clarify practical considerations in this case but also to judge, as early as possible, the competence of proposed legal counsel in this case. *See* Linda S. Mullenix, *Taking Adequacy Seriously: The Inadequate Assessment of Adequacy in Lit-* *igation and Settlement Classes,* 57 Vand. L.Rev. 1687, 1692–1705 (2004) (illustrating that "neither counsel nor the courts take the adequacy inquiry very seriously, and both typically fail to develop a sufficient record to support a finding of adequacy").

not clear that a class will be certified ultimately and it does—

THE COURT: Indeed, indeed, it's not. And I don't mean to be premature. But is the standard for class certification easier in Massachusetts? I didn't think so.

MS. FRITZ: The other assumption, your Honor, is that this consolidation will stay in Massachusetts.

THE COURT: Ahh.

MS. FRITZ: And there has definitely been some parties that are now consolidated, or at least have filed motions before the panel to see another jurisdiction take over this action.

THE COURT: Right.

MS. FRITZ: As a practical matter that would be incredibly burdensome for my clients. There are also, from some legal perspectives, I think there are some issues that are in the consolidated—

THE COURT: Let's pause on that for a moment.

MS. FRITZ: Yes.

THE COURT: If I keep you here, as a federal district judge, I am subject to the proceedings of the Judicial Panel on Multidistrict Litigation. And were that panel to decide that this case, at least for trial preparation purposes, would go to some other district, wherever, I would be bound by that and that would be an end and your clients, as well as everybody else, would then be litigating in some district at a distance. You don't want that.

MS. FRITZ: Correct.

THE COURT: But if we stayed here in Massachusetts, but in the United States District Court, rather than in the Superior Court of the Commonwealth of Massachusetts, you're okay with that? You can tell me you're not. I have no

pride of place. I won't be offended if you tell me that.

MS. FRITZ: I'm working on carefully crafting my response so as not to offend the Court.

THE COURT: You won't, you won't offend me. I want absolute candor here.

MS. FRITZ: And again -

THE COURT: We're talking forum shopping. Why do you like the Superior Court better than the District Court? Tell me, straight out.

MS. FRITZ: It's not the Court, it's the other actions that are consolidated before you. And the claims that are being brought, the facts that are being alleged, my clients have very narrow factual allegations, they haven't sued all of the defendants. They want to represent a much smaller claim. The claims they've brought, the consumer protection claims, I think are going to be very difficult for, and I certainly don't want to disrespect any of the other plaintiffs' counsel, nor make arguments for defendant's counsel, but I think it's going to be a very difficult time certifying a national class of consumer protection claims.

Mot. Hr'g Tr. at 4:5–7:20.

Given the distinguished record of the McMorris class action counsel and the directness and candor of attorney Fritz, this Court accepts the reasons motivating her argument in their entirety, even though the Court ultimately rejected the proffered legal analysis.

## 2. CONCLUSION

For all the reasons stated above, the Motion to Remand [Doc. No. 29] is DENIED.

SO ORDERED.